IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JUL -9 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT |
| Plaintiff, | ) |
| v. | ) CASE NO. 4:25 CR 340 |
| JONATHAN THOMAS STREB, | ) Title 18, United States Code, Section 924(c)(1)(A), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) |
| JAVAUN ANDREW THOMAS, | ) |
| Defendants. | ) FORFEITURE N**JUDGE PEARSON** |

COUNT 1
(Possession with Intent to Distribute of a Controlled Substance,
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

The Grand Jury charges:

1. On or about December 9, 2022, in the Northern District of Ohio, Eastern Division, Defendant JONATHAN THOMAS STREB did knowingly and intentionally possess with intent to distribute:

    a. a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance,

    b. a mixture and substance containing a detectable amount of N-phenyl – N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II controlled substance, and

    c. a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT 2
(Possession with Intent to Distribute of a Controlled Substance,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

2. On or about December 9, 2022, in the Northern District of Ohio, Eastern Division, Defendant JAVAUN ANDREW THOMAS did knowingly and intentionally possess with intent to distribute:

   a. a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, and

   b. a mixture and substance containing a detectable amount of N-phenyl – N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 3
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime,
18 U.S.C. § 924(c)(1)(A))

The Grand Jury further charges:

3. On or about December 9, 2022, in the Northern District of Ohio, Eastern Division, Defendant JAVAUN ANDREW THOMAS did knowingly possess a firearm in furtherance of a drug trafficking crime for which each may be prosecuted in a court of the United States, namely knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) as charged in Count Two of this indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION 1

Upon conviction of any offense set forth in Counts 1 and 2 of this Indictment, the defendants, JONATHAN THOMAS STREB and JAVAUN ANDREW THOMAS, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to:

a. Omni 5.56 Rifle, bearing serial number NS24188, with magazine and approximately forty-eight (48) rounds of 5.56 ammunition; and

b. Approximately $4,094.00 in U.S. Currency.

## FORFEITURE ALLEGATION 2

Upon conviction of any offense set forth in Counts 2 and 3 of this Indictment, the defendant, JAVAUN ANDREW THOMAS, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearm and ammunition listed in Forfeiture Allegation 1.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.